## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
|  | : |  |
| v. | : | Criminal No. 21-907 |
|  | : |  |
| DAVID WOROBOFF, | : |  |
| GEORGE WILLARD, | : |  |
| RANDALL MILLS, and | : |  |
| LE THU. | : |  |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the joint application of the United States, by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Emma Spiro and Sean M. Sherman, Assistant U.S. Attorneys, appearing); and defendants David Woroboff (Stephen Stigall, Esq., appearing), George Willard (Bjorn Brunvand, Esq., appearing), Randall Mills (Peter Carter, Esq., appearing), and Le Thu (Alan Zegas, Esq., appearing), for a protective order (the "Protective Order") concerning the use of discovery materials, including any documents or other information subject to the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady v. Maryland*, and *Giglio v. United States,* that contain the following information: (1) a third party's (a) social security number; (b) taxpayer-identification number; (c) birth date; (d) financial-account number; (e) home address; (f) telephone number; (g) medical records, including sensitive health information; or (h) email address; and (2) any other discovery materials that the parties designate as "confidential" (collectively, the "Confidential Discovery Materials"); and

The parties having agreed that the procedure to regulate the disclosure and use of the Confidential Discovery Materials will not impede the Defendants' preparation of defenses, but merely will protect against the improper dissemination or use of any Confidential Discovery Materials; and

For good cause shown,

IT IS on this 10th day of January, 2022,

STIPULATED, AGREED, AND ORDERED that:

1.    In addition to making the Confidential Discovery Materials available to the defense for inspection, review, and copying, the Government shall provide defense counsel with their own copies of Confidential Discovery Materials to facilitate preparation for trial.

2.    The Confidential Discovery Materials shall be used by the Defendants and/or defense counsel only in the preparation of the defense in this case, and at trial, subject to relevant objections and rulings of the Court.

3.    Access to Confidential Discovery Materials will be restricted to personnel authorized by the Court, namely, (1) the Defendants and counsel of record, and associated attorneys, paralegals, investigators, experts (and the experts' employees and support personnel), and secretaries employed by counsel of record and performing services on behalf of the Defendants (collectively, the "Defense"),

(2) individuals who the Defense in good faith believes may either be a prospective witness in the action, or who may be able to provide the Defense with leads for purposes of defending this action, (3) third-party consultants (and their

2

employees and support personnel), and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and (4) such other persons as hereafter may be authorized by the Court upon a Defendant's motion.

4.     Notwithstanding the provisions of Paragraph 3, the Defense may discuss or review Confidential Discovery Materials with other individuals, including prospective witnesses and their counsel, as necessary to prepare the defense, but the Defense shall not permit such individuals to possess or retain Confidential Discovery Materials or duplicate versions.

5.     The following restrictions will be placed on the individuals described in Paragraph 3 unless further ordered by the Court. These individuals shall not:

a.     Duplicate Confidential Discovery Materials for, or allow copies of any kind to be made by, any other person not described in Paragraph 3, or allow Confidential Discovery Materials to be otherwise disseminated;

b.     Allow any person to read, view, or possess Confidential Discovery Materials except as provided in Paragraphs 3 and 4; or

c.     Use Confidential Discovery Materials for any other purpose other than in connection with the preparation of a defense against the charges in this matter.

6.     Defense counsel shall advise any person to whom Confidential Discovery Materials are disclosed by defense counsel that such information

3

should be held in strict confidence and that the person must comply with the restrictions of paragraph 2 and 5 above.

7.      Except as provided in Paragraphs 2, 3, and 4, the Defense shall not disclose Confidential Discovery Materials to any person without leave of Court obtained on application to the Court and with notice to the Government.

8.      If any party, including the Government, includes any Confidential Discovery Materials in connection with the filing of a motion, that party shall file such materials provisionally under seal. Any party shall have ten days from the date of such filing to file a formal motion to seal any or all such materials, which may be opposed any other party. If the Court grants the motion to seal, the materials at issue in the motion to seal shall remain under seal. If no motion to seal is filed, or such motion is denied, the materials shall be unsealed.

9.      Any Confidential Discovery Materials filed with the Court must comply with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure. The Defense may disclose the Confidential Discovery Materials for use at trial, subject to Fed. R. Crim. P. 49.1 and any other applicable law or rules.

10.     This stipulation is binding on all future and successor counsel.

11.     Within a reasonable period of time following the conclusion of this litigation (*i.e.*, when the Defendants have exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea, and the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. § 2255, if no such petition is filed prior to that

time), the Defendants' counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Confidential Discovery Materials (excluding any materials over which the Defendants have a proprietary or ownership interest), except for copies of Confidential Discovery Materials that remain in defense counsels' files and which are stored within defense counsels' offices or in a secure file storage facility.

12.     This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material

Form and entry consented to by:

Emma Spiro
Sean M. Sherman
Assistant United States Attorneys

Stephen Stigall, Esq.
Counsel for defendant David Woroboff

Bjorn Brunvand, Esq.
Counsel for defendant George Willard

Peter Carter, Esq.
Counsel for defendant Randall Mills

Alan Zegas, Esq.
Counsel for defendant Le Thu

IT IS SO ORDERED this 10th  day of January, 2022:

HON. ESTHER SALAS
United States District Judge

6